UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALICIA PASCHALL, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 25-1136-HLT-GEB |
| | ) |
| KANSAS DEPARTMENT OF | ) |
| CHILDREN AND FAMILIES, | ) |
| SEDGWICK COUNTY DISTRICT | ) |
| COURT, AND UNIDENTIFIED | ) |
| SOCIAL WORKERS, | ) |
| SUPERVISORS AND CASA | ) |
| PROGRAM EMPLOYEES, | ) |
| | ) |
|        Defendants. | ) |
| | ) |

## NOTICE AND REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the Court on Plaintiff Alicia Paschall's Motion to Proceed Without Prepayment or Fees ("Motion") **(ECF No. 3,** *sealed***)** and supporting Affidavit of Financial Status (ECF No. 3-1, *sealed*). For the reasons set forth below, the Court recommends Plaintiff's Motion be **DENIED** and claims be **DISMISSED**.

**I. Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

1

## II.     Background[1]

Plaintiff brings her claims pursuant to 28 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Largely without attributing any allegation to a particular Defendant, Plaintiff alleges Defendants violated her substantive and procedural due process rights under the Fourteenth Amendment, her freedom of association rights under the First Amendment, and failed to accommodate her child in violation of the Americans with Disabilities Act. All claims are related to the removal of her minor child, identified by pseudonym as A. P., from the home and a Child in Need of Care ("CINC") case regarding A. P. pending in Sedgwick County District Court ("SCDC"). Plaintiff seeks a declaration Defendants have violated her constitutional rights; an injunction ordering the immediate return of or visitation with A. P.; a prohibition of further foster placement or out-of-state transfer of A. P. without judicial oversight; an order requiring the Kansas Department of Children and Families ("KDCF") to permit school enrollment, Medicaid activation, ABA services, and counseling for A. P. all under Plaintiff's direction; and compensatory damages from all Defendants for emotional distress and financial harm.

## III.    Recommendation of Denial of *In Forma Pauperis* Status

Section 1915 of Title 28 of the United States Code allows a court to authorize the commencement of any civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets. . .[if] the person is

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

2

unable to pay such fees or give security therefor."[2]  Proceeding *in forma pauperis* in a civil case is a privilege, not a right,[3] and the decision to grant or deny such status is within the sound discretion of the court.[4]  When considering a motion to proceed without prepayment of fees, the court must not act arbitrarily.[5]  It is the position of courts in this District in civil cases for damages, *in forma pauperis* status should be granted sparingly.[6]

To succeed on a motion to proceed in this capacity, a plaintiff must show a financial inability to pay the required filing fees. The filing fee is currently $405. Although Plaintiff's Affidavit of Financial Status[7] shows monthly expenses in excess of revenues, it also documents Plaintiff and her husband own a home with a value of approximately $320,000, own two vehicles with a present value of at least $14,0000, and Plaintiff has $2,000 in her bank account. The Court believes Plaintiff has not shown a financial inability to pay the required filing fees.[8]

---

[2] 28 U.S.C. § 1915(a)(1).
[3] *Patillo v. N. Am. Van Lines*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002).
[4] *Id.* (citing *Cabrera v Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).
[5] *Hagan v. Credit Union of Am.*, No. 11-1131-JTM, 2011 WL 13237545, at *1 (D. Kan. June 20, 2011) (citing *Buggs v. Riverside Hosp.*, No. 97-1088, 1997 WL 321289 (D. Kan. Apr. 9, 1997)).
[6] *Scherer v. United States*, No. 01-2428-JWL, 2001 WL 1516736, at *1 (D. Kan. Nov. 7, 2001) (citing *Barnett v. Northwest Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000); *Forrester v. Via Christi St. Joseph & ITS Reps.*, No. 97-1243-MLB, 1997 WL 557329, at *1 (D. Kan. June 10, 1997)).
[7] ECF No. 3-1.
[8] *See Scherer v. U.S.*, No. 01-2428-JWL, 2001 WL 1516736, at *1 (D. Kan. Nov. 7, 2001) ("In other cases, plaintiffs with similar or poorer economic conditions were consistently denied in forma pauperis status. *Wheeler v. Wichita Police Dep't*, No. 97–1076–FGT, 1997 WL 109694, at *1 (D. Kan. Feb. 27, 1997) (plaintiff did not qualify for in forma pauperis status despite barely being able to pay for expenses because plaintiff owned a car worth $7,000); *Buggs v. Riverside Hosp.*, No. 97–1088–WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997) (plaintiff with monthly income $384 more than her monthly expenses denied in forma pauperis status); *Ireland v. Reliance Std. Life Ins. Co.*, No. 97–0563–THE, 1997 WL 85008, at *1 (N.D. Cal. Feb. 21, 1997) (plaintiff who was unemployed with no money in bank account denied in forma pauperis status because she

However, a magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[9] Accordingly, the undersigned Magistrate Judge **RECOMMENDS** Plaintiffs' Motion (**ECF Nos. 3,** *sealed*) be **DENIED** pending review of the recommendation of dismissal herein. If the recommendation of dismissal is not adopted, the undersigned would recommend Plaintiff be allowed to pay the filing fee in three monthly payments of $135. The undersigned does not believe such payments would be an undue burden on Plaintiff.

## IV.  Recommendation of Dismissal of Complaint

### a.  Legal Standard

The authority to proceed without prepayment of fees is not without limitation. 28 U.S.C. §1915 requires a court to screen the complaint of a plaintiff seeking to proceed without prepayment of fees. Sua sponte dismissal of the case is required if a court determines the action: 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[10] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[11]

---

had $60,000 of equity in her home); *Doyle v. Warner Pub. Servicers, Inc.*, No. 87–C–4154, 1988 WL 67633, at *1 (N.D. Ill. June 22, 1988) (plaintiff who earned a "minimal amount" with $400 in the bank denied in forma pauperis status in part because he had home worth $50,000 with no indication of amount of equity in home); *Failor v. Califano*, 79 F.R.D. 12, 13 (M.D. Pa.1978) (plaintiff who earned $409 per month denied in forma pauperis status because she owned home worth $20,000)").

[9] *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (the denial of plaintiff's motion to proceed *in forma pauperis* is a dispositive matter and the magistrate judge should issue a report and recommendation for de novo review by the district judge).

[10] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[11] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).

4

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[12] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[13] Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[14] Plaintiff proceeds pro se, thus her pleadings must be construed liberally.[15] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[16] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[17] Fed. R. Civ. P. 8 "demands more than naked assertions."[18]

Under Fed. R. Civ. P. 8(a), every complaint must contain three minimal pieces of information: 1) the pleading should contain a short and plain statement of the claim showing Plaintiff is entitled to relief; 2) a short and plain statement of the grounds for the Court's jurisdiction; and 3) a statement of the relief requested. If any of these requirements

---

[12] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[13] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[14] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).
[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[16] *Id.*
[17] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[18] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

are absent, even after providing a liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[19] Mere "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[20]

    b.    Discussion

        i.    **Eleventh Amendment Immunity for § 1983 Claims Against KDCF and SCDC**

Plaintiff alleges Defendants KDCF and SCDC violated her substantive and procedural due process rights under the Fourteenth Amendment and her freedom of association rights under the First Amendment. She pursues these claims under 28 U.S.C. § 1983. "The Eleventh Amendment grants immunity that 'accord[s] states the respect owed them as joint sovereigns[,]' and this immunity 'applies to any action brought against a state in federal court, including suits initiated by a state's own citizens.'"[21] Eleventh Amendment immunity bars "unconsented suits in federal court against a state and arms of the state"[22] and extends to "arms of the state and to state officials who are sued for damages in their official capacity."[23] "KDCF is an arm of the State of Kansas, so it's immune from suit in

---

[19] *Snider v. Burton*, No. 15-1043-JTM, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).

[20] *Id.* (quoting *Bryan v. Stillwater Bd. of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[21] *Allen v. Saint Francis Ministries*, No. 23-1166-DDC, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024) (quoting *Steadfast Ins. Co. v. Agric. Ins. Co.,* 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted)).

[22] *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 557 F.3d 1255, 1258 (10th Cir. 2009) (citation omitted).

[23] *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, 561 F.App'x 661, 665 (10th Cir. 2014) (citing *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013)).

federal court"[24] as is SCDC.[25] "Eleventh Amendment immunity bars suits in federal court against a state '"unless the state waives immunity or Congress has validly abrogated immunity."'[26] It is "well-established that § 1983 does not abrogate a state's Eleventh Amendment immunity."[27] And Kansas has not waived immunity.[28] Therefore, KDCF and the SCDC are immune from Plaintiff's § 1983 claims. Because KDCF and SCDC are immune under the Eleventh Amendment from Plaintiff's claims brought pursuant to § 1983, the Court lacks subject matter jurisdiction over these claims[29] and the undersigned must, therefore, **RECOMMEND** their dismissal.

> ii.  **ADA Claims against KDCF and SCDC and All Claims Against Unidentified Social Workers, Supervisors, and CASA Program Employees**

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[30] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[31] As with the § 1983 claims above, Plaintiff's remaining claims are

---

[24] *Allen,* 2024 WL 2831606, at *3 (citing *McCollum v. Kansas*, No. 14-1049, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014), *aff'd*, 599 F. App'x 841 (10th Cir. 2015).
[25] *Owens v. State of Kansas*, No. 11-4007-EFM, *  (D. Kan. May 10, 2011) (Applying factors in *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007), the court determined Eleventh Amendment Immunity protected the Linn County District Court from suit.) *See also Wedel v. Knobbe*, No. 10-1156-CM, 2010 WL 11565334, at *4 (D. Kan. July 29, 2010)
[26] *Schwab v. Kobach*, No. 18-2488-DDC, 2019 WL 4670134, at *9 (D. Kan. Sept. 25, 2019) (quoting *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002)).
[27] *Meyers v. Supreme Court of Kansas*, No. 05-4077-JAR, 2006 WL 276399, at * (D. Kan. Feb. 1, 2026) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).
[28] *Schwab,* 2019 WL 4670134, at *9.
[29] *Allen,* 2024 WL 2831606, at *3.
[30] *Id.*, at *2 (quoting *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)).
[31] *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

all related to the removal of A. P. from her household and A. P.'s CINC case. She alleges: 1) the SCDC violated the ADA by failing to appoint counsel for her in the CINC case as an accommodation under the ADA; 2) all Defendants violated the ADA by failing to "engage in the interactive process or provide equal access to visitation, services, or custody opportunities based on alleged mental health stigma;" and 3) without factual elaboration, the unidentified social workers, supervisors, and CASA program employees violated her civil rights.

Although Plaintiff does not identify the CINC case at issue, she alleges A. P. was only recently removed from the home and the case had a scheduled hearing only a few weeks prior to the entry of this Report and Recommendation. As discussed below, the Court lacks subject matter jurisdiction over these claims based on the *Younger* abstention doctrine.

### A.    Younger Abstention Doctrine

The *Younger* abstention doctrine precludes federal courts from interfering in pending state court proceedings in certain situations.[32] *Younger* abstention, however, "is the exception, not the rule."[33] "In determining whether *Younger* abstention is appropriate, a court considers whether: '(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters

---

[32] *Hunt v. Lamb*, No. 06-4083-JAR, 2006 WL 2726808, at *2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).
[33] *Id.* (quoting *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1267 (10th Cir. 2002)).

which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[34] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[35]

Based upon Plaintiff's allegations regarding the timing of the removal of A. P. and very recent hearings in the matter, the Court concludes there is an ongoing CINC matter in SCDC. Where the proceedings are ongoing, the Court finds the second factor - whether the state court provides an adequate forum for Plaintiffs' federal claims – is satisfied. The matter complained of originated in state court and her constitutional claims could be heard there.[36] As to the third factor, the Court finds such CINC proceedings regarding removal of minor children from their family and/or guardian concern important state interests.[37] Therefore, all factors weigh in favor of abstention.

However, a court may, decline to abstain under *Younger* when extraordinary circumstances are present, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[38]

---

[34] *Id.* (quoting *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).
[35] *Id.*
[36] *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) ("State courts are generally equally capable of enforcing federal constitutional rights as federal courts.").
[37] *Alferez ex rel. Calderon v. Chronister*, 41 F. Supp. 2d 1238, 1240 (D. Kan. 1999) (Claims related to child in need of care case involves important state interests in family relations and child welfare.)
[38] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). *See Phelps v. Hamilton*, 59 F.3d 1058, 1064–68 (10th Cir. 1995).

Plaintiff must meet a "'heavy burden' to overcome the bar of *Younger* abstention."[39] Plaintiff's Complaint sets forth no allegations establishing extraordinary circumstances sufficient for the Court to decline to abstain under *Younger*.[40] Therefore, where the CINC proceedings related to A.P. remain ongoing, the *Younger* abstention doctrine dictates the Court **RECOMMEND** dismissal of Plaintiff's claims brought pursuant to the ADA and all claims against any unidentified social workers, supervisors, and CASA program employees.

For the reasons set forth above, **IT IS THEREFORE RECOMMENDED** Plaintiff's claims be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated this 13th day of August 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[39] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066).
[40] *See, e.g., Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 160 (10th Cir. 2009) (finding no extraordinary circumstances present where plaintiff alleged misleading evidence was produced, no proper investigation was performed, and defendants engaged in conspiracy to terminate his parental rights).