IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALICIA PASCHALL,

        **Plaintiff,**

        v.

KANSAS DEPARTMENT OF
CHILDREN AND FAMILIES, et al.,

        **Defendants.**

Case No. 6:25-cv-01136-HLT-GEB

# ORDER

    Plaintiff[1] filed this case under 28 U.S.C. § 1983 and the Americans with Disabilities Act. All claims are related to the removal of her minor child and a Child in Need of Care case in Sedgwick County. Judge Birzer reviewed Plaintiff's complaint and request to proceed in forma pauperis (IFP). She issued a Report and Recommendation (R&R) on August 14, 2025. Doc. 32. Judge Birzer recommended denying Plaintiff's motion to proceed IFP and further recommended dismissing the complaint for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). She properly gave Plaintiff notice of her right to object and the consequence for not timely objecting.

    Plaintiff did not object to the R&R. She has therefore waived her right to de novo review. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).[2] The Court has

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2] Plaintiff proceeds pro se. Where a pro se party is not clearly apprised of the consequences of failing to object, the firm-waiver rule does not apply. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996). Here, Judge Birzer's R&R clearly informed Plaintiff that she was required to file objections within 14 days if she wanted appellate review of the proposed findings of facts, conclusions of law, or recommended disposition, and that appellate review would not be allowed if she did not timely file objections. Doc. 32 at 1. Although Plaintiff is not entitled to de novo review, the Court notes that it would reach the same conclusion under that standard.

reviewed Judge Birzer's R&R. The Court agrees that it lacks jurisdiction over Plaintiff's claims and adopts the R&R in its entirety.[3]

THE COURT THEREFORE ORDERS that Judge Birzer's R&R (Doc. 32) is ADOPTED. The case is DISMISSED WITHOUT PREJUDICE. The case is closed.

IT IS SO ORDERED.

Dated: September 5, 2025            /s/ *Holly L. Teeter*
                                                      HOLLY L. TEETER
                                                      UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff filed a notice of appeal on August 11, 2025. Doc. 27. The appeal does not appear to relate to an order of this Court. Rather, it appears to challenge rulings in the Sedgwick County District Court. The Court therefore specifically finds that Plaintiff's notice of appeal is frivolous and deficient and does not divest this Court of jurisdiction. *Arthur Andersen & Co. v. Finesilver,* 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case."); *see also In re Syngenta AG MIR 162 Corn Litig.,* 2020 WL 4333559, at*5 (D. Kan. 2020). This case remains active (until entry of this order). The Court need not await remand from the Tenth Circuit to adopt Judge Birzer's R&R.